IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EMMA S. PANTOJA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| TYSON FRESH MEATS, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Emma S. Pantoja ("Plaintiff") complains of Tyson Fresh Meats, Inc. ("Defendant") and for cause of action respectfully shows as follows:

### I.   PARTIES

1. Plaintiff is an individual and a citizen of the State of Texas.

2. Defendant is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Arkansas. Defendant may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II.   JURISDICTION AND VENUE

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district

### III.   FACTUAL ALLEGATIONS

5.   On or about December 18, 2019, Plaintiff was in the course and scope of her employment with Defendant at its Amarillo, Potter County, Texas beef-packing plant. Plaintiff's fellow employee was operating a powered industrial truck ("the PIT"). At that time, the operator struck Plaintiff with the PIT and trapped her, causing Plaintiff physical injury.

6.   Nothing Plaintiff did, nor failed to do, caused the incident. Rather, Defendant's negligence directly and proximately caused the incident and Plaintiff's resulting injuries and damages.

### IV.   COUNT 1 – EMPLOYER'S NEGLIGENCE

7.   Defendant did not maintain a policy of workers compensation insurance. Tex. Lab. Code Ann. § 406.033(a). Accordingly, Plaintiff is authorized to bring this action to recover for her work-related injuries caused by Defendant's negligence or by the negligence of any of Defendant's agents or servants acting within the general scope of the agent's or servant's employment. Tex. Labor Code Ann. § 406.033(d).

8.   At the time of the incident, the PIT operator was an employee, agent, or servant of Defendant, and was acting within the course and scope of such employment or agency. Accordingly, Defendant is liable for the PIT operator's negligence under the principles of statutory employee, agency, respondeat superior, and vicarious liability.

9.   More specifically, the PIT operator's following acts and omissions, either singularly or in combination, were a direct, proximate, and producing cause of the collision and Plaintiff's injuries and damages:

  a.   operating the PIT in an improper manner;
  b.   failing to maintain proper control of the PIT;

    c. failing to keep a proper lookout for other people, and in particular, Plaintiff;

    d. failing to operate the PIT in a reasonably attentive manner;

    e. failing to stop prior to hitting Plaintiff;

    f. failing to control the speed of the PIT;

    g. operating the PIT at a greater rate of speed than was reasonably prudent;

    h. failing to timely and properly apply the brakes;

    i. failing to take evasive action to avoid hitting Plaintiff; and

    j. such other acts or omissions as may be discovered and/or proven at trial.

10. Further, Defendant had a nondelegable duty to use ordinary care in providing a safe workplace. More specifically, Defendant breached the following duties:

    a. The duty to implement and enforce safety rules;

    b. The duty to train and supervise its employees;

    c. The duty to warn about the hazards of the employment;

    d. The duty to furnish necessary instrumentalities;

    e. The duty to select careful and competent fellow servants;

    f. The duty to provide adequate help under the circumstances for the performance of required work;

    g. The duty to properly maintain, inspect, and repair all PITs;

    h. The duty to not entrust PITs to individuals that are uncertified, incompetent, untrained, or reckless; and

    i. such other acts or omissions that may be proven at trial.

11. Defendant's negligence was the direct, proximate, and producing cause of Plaintiff's damages.

## V. DAMAGES

12. As a direct and proximate cause of Defendant's above-described acts and/or omissions, Plaintiff has suffered physical injuries to her body in general. Plaintiff seeks recovery for damages including, but not limited to, the following:

   a. Physical pain and mental anguish sustained in the past;

   b. Physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

   c. Loss of earning capacity sustained in the past;

   d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

   e. Disfigurement sustained in the past;

   f. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

   g. Physical impairment sustained in the past;

   h. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

   i. Medical care expenses incurred in the past; and

   j. Medical care expenses that, in reasonable probability, Plaintiff will incur in the future.

## VI. CONDITIONS PRECEDENT

13. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## VII. JURY DEMAND

14. Plaintiff respectfully requests a trial by jury.

## VIII.    PRAYER

Plaintiff respectfully asks the Court to award judgment against Defendant for all of Plaintiff's damages as set forth above, prejudgment and post-judgment interest, and court costs. Plaintiff prays for general relief.

Respectfully submitted,

By: /s/ Channy F. Wood
Channy F. Wood
SBN 00791954
E-mail: cwood@woodlawfirm-tx.com
Leslie Owens
SBN 24073561
E-mail: lowens@woodlawfirm-tx.com
WOOD LAW FIRM, LLP
Physical: 610 S.W. 11th Avenue (79101)
Mailing: P.O. Box 1439
Amarillo, Texas 79105-1439
Telephone: 806.372.9663
Facsimile: 806.372.9664

**ATTORNEYS FOR PLAINTIFF**